*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R. KOWITZ, Minor.

UNPUBLISHED
May 16, 2024

No. 368436
Genesee Circuit Court
Family Division
LC No. 18-135400-NA

Before: JANSEN, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's orders removing the minor child, RK, from respondent's care and custody. Before these proceedings began, RK lived in the family home with respondent and RK's non-respondent father. This case is somewhat unusual in that RK was removed from respondent's care when the trial court ordered respondent out of the family home and released RK to his father to remain in the family home. The court unfortunately did not clearly articulate the statutory basis for its removal decision. At the preliminary hearing and in its order following the preliminary hearing, the court ordered respondent out of the family home after walking through the factors for removal under MCL 712A.13a(9). That statute, however, concerns removing a child from their family home and placing them in foster care, which is not what occurred here. RK remained in the family home, and the trial court ordered respondent out of the home. MCL 712A.13a(9) cannot be used for this purpose. However, MCL 712A.13a(4) and (5) allow a court to remove an alleged abuser from the child's home. On the same day that the court entered the order following the preliminary hearing, it entered another order removing respondent from the family home as an alleged abuser. The order does not specify the statutory grounds under which it was entered, however. Assuming that the order was entered under MCL 712A.13a(4) and (5), it was deficient because the evidence before the trial court was plainly insufficient to support removing respondent from the family home under those subsections. We accordingly vacate the trial court's orders removing RK from respondent's care—due to the trial court's mistake of law in its application of MCL 712A.13a(9) and its clearly erroneous factual findings under MCL 712A.13a(4) and (5)—and remand for further proceedings.

-1-

# I. BACKGROUND

In October 2019, the Department of Health and Human Services (DHHS) filed a petition asking the trial court to remove seven children—ranging in age from three years old to 16 years old—from respondent's care and take jurisdiction over the children. The petition alleged severe sexual abuse and physical neglect, as well as improper supervision. A week later, the DHHS filed an amended petition with the same allegations that also asked the court to terminate respondent's parental rights. Over the course of the next year, the DHHS filed two more petitions that included additional allegations of sexual abuse as well as allegations of severe medical neglect. Shortly before the termination trial on these petitions was set to begin, respondent voluntarily relinquished her rights to six of the minor children on June 8, 2021. The seventh child had reached the age of majority by this time.

Over two years later, on July 22, 2023, respondent gave birth to RK. RK's father was not the father of respondent's other seven children.

A petition requesting the court to take jurisdiction over RK was filed on October 3, 2023. The petition did not request removal of RK from the home, nor did it request removal of respondent from the home as an abuser. The petition asserted that it would be contrary to RK's welfare to remain with respondent "due to concerns of threatened harm of sexual abuse and . . . physical abuse" based on two previous Children's Protective Services (CPS) investigations of sexual abuse involving respondent. In a 7-page supplemental attached to the petition, petitioner identified the basis for its "in-home jurisdiction" request as "[t]hreatened harm of sexual abuse and threatened harm or physical neglect." All of the pertinent allegations in the petition were the same as those alleged in the prior petitions from the 2019 case. The supplemental detailed the allegations of sexual abuse, which included allegations by one of the older children that respondent and the child's father took turns raping him while the other watched, and an allegation that the same older child sexually assaulted one of his younger siblings (the older child admitted to this abuse). The supplemental also detailed previous CPS investigations that had substantiated numerous instances of physical neglect due to the conditions of respondent's home, as well as some instances of medical neglect and improper supervision.

A preliminary hearing on the petition was held before a referee on October 5, 2023. Abigail Husic, a worker with the DHHS, testified to the allegations in the petition. She confirmed the pertinent allegations in the petition and said that, to this day, none of respondent's other children recanted any of their allegations of abuse. On cross-examination by RK's lawyer-guardian ad litem (LGAL), Husic confirmed the specific allegations of sexual abuse in the petition.

On cross-examination by respondent's counsel, Husic admitted that RK did not test positive for drugs at birth, there were no allegations of abuse related to RK, respondent has been taking RK to all of his medical appointments, there were no problems concerning the suitability of the family's current home, and respondent was voluntarily participating in services in this case. Husic later clarified that the current services did "not include anything to do with sexual predator, grooming, behaviors, or protection." The current services generally focused on proper parenting. They were in-home services, according to Husic, but the workers had no way of knowing what happened after they left.

During Husic's testimony, respondent at one point began hitting herself, saying she was getting "very angry" because Husic was "lying." The court ordered respondent to leave the courtroom to calm down. The proceedings were paused for a little over five minutes while respondent regained her composure.

In closing, respondent's counsel highlighted the evidence that the family home was appropriate, there were no allegations of physical abuse of RK, RK had been going to all of his medical appointments, and respondent had been participating in services. Respondent also argued that RK's safety could be assured in the family home because RK's non-respondent father was living in the home and could supervise respondent if necessary.

The LGAL in closing requested either removal of RK from the family home or the removal of respondent from the home due to the previous allegations against respondent.

Counsel for petitioner in closing said that petitioner requested in-home jurisdiction in the petition and this request had not changed. But petitioner's counsel had "concerns about in-home jurisdiction" due to respondent's prior conduct and her outbursts during the proceeding. Regardless, petitioner's counsel requested that the petition be authorized based on the allegations of sexual abuse and physical neglect.

After listening to the parties' arguments, the referee delivered an oral ruling from the bench. It found probable cause to believe that one or more of the allegations in the petition were true and that they fell within MCL 712A.2b(1) and (2). The referee believed that how respondent treated her other children was indicative of how she would treat RK, so she authorized the petition.

Turning to removal, the referee acknowledged that petitioner had not requested removal but the LGAL had. The referee found that it was contrary to RK's welfare "to remain in [respondent's] home" due to the allegations of sexual and physical abuse related to respondent's other children, as well as the failure to provide those children proper medical care. The referee also found that reasonable efforts had been made to prevent removal, including offering respondent services, but concluded that those services were not "adequate to address the allegations and reasons for seeking removal." The referee accordingly ordered "the child be removed from [respondent's] care." The referee released RK to "the father to protect the child." The referee concluded by finding that respondent "remaining in the home will be harmful to the child," and accordingly ordered respondent "out of the home."

The trial court entered two orders following the preliminary hearing. In the first order, labeled "Order After Preliminary Hearing," the court found probable cause to believe that one or more of the allegations in the petition was true. The order stated, "It is contrary to the welfare for [RK] to remain in the care and custody of [respondent] due to allegations of sexual abuse of siblings committed by [respondent], [respondent] signed voluntary release to other children, and allegations of physical neglect of other children." The order further stated that RK was released to "father" under the supervision of the DHHS. At the end of the order, the court stated that "[respondent] is ordered out of the home."

In the other order, labeled "Order removing alleged abuser from child's home," the court signed a form order that stated that the court found as follows:

-3-

4. A petition alleging abuse of the child(ren) has been authorized and there is probable cause to believe the parent . . . committed the alleged abuse.

5. The alleged abuser's presence in the home presents a substantial risk of harm to the child(ren)'s life, physical health, or mental well-being.

The order stated that, beginning on October 5, 2023, respondent could not return to the family home until further order of the court.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews the interpretation and application of statutes and court rules de novo. *In re Sanders*, 495 Mich 394, 403-404; 852 NW2d 524 (2014). This Court reviews a trial court's factual findings for clear error. *In re Williams*, 333 Mich App 172, 178; 958 NW2d 629 (2020). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (quotation marks and citation omitted).

## III. ANALYSIS

The petition in this case sought in-home jurisdiction, but, at the preliminary hearing, the LGAL requested either RK's or respondent's removal from the family home. While the statutory grounds on which the court relied for its removal decision are unclear, it is clear that the court released RK to his father to remain in the family home and ordered respondent out of the home, effectively removing RK from respondent's care. A parent can be removed from the family home under MCL 712A.13a(4) and (5) if the parent is credibly accused of abusing the child. See *In re Benavides*, 334 Mich App 162, 170; 964 NW2d 108 (2020). While it is not apparent that the trial court relied on MCL 712A.13a(4) and (5) to remove respondent from the family home, if it did, the subsections were plainly not satisfied. More significantly for purposes of the parties' arguments on appeal, the trial court's removal analysis seemed focused on MCL 712A.13a(9), but that statute did not provide a basis to remove respondent from the family home. The trial court thus misapplied MCL 712A.13a(9) to the extent that it relied on that statute to order respondent out of the family home.

MCL 712A.13a(9) provides:

The court may order placement of the child in foster care if the court finds all of the following conditions:

(a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

(b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).

(c) Continuing the child's residence in the home is contrary to the child's welfare.

(d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare.

MCL 712A.13a(1)(e) defines "foster care" to include "care provided to a juvenile in a relative's home under a court order." MCL 712A.13a(1)(j) in turn defines "relative" to include a child's legal father. It thus appears that ordering placement of a child with their legal parent could constitute ordering placement of the child in foster care.

But the defect in the trial court's MCL 712A.13a(9) analysis is not that the court placed RK with his father—it is that MCL 712A.13a(9) only applies when a child is removed from their home. MCL 712A.13a(9)(c) states that one finding a court must make before placing a child in foster care is that "[*c*]*ontinuing the child's residence in the home* is contrary to the child's welfare," and subsections (b) and (d) reference the "removal of the child." (Emphasis added.) When these subsections are taken together, MCL 712A.13a(9) plainly contemplates removal of a child from the child's home and placement into foster care. That is not what transpired here—RK remained in his home with his father, and respondent was ordered to leave the home.

While the trial court did not have authority to order respondent out of the family home under MCL 712A.13a(9), there were other subsections in MCL 712A.13a that granted the court this authority. MCL 712A.13a(4) and (5) state:

(4) The court may order a parent, guardian, custodian, nonparent adult, or other person residing in a child's home to leave the home and, except as the court orders, not to subsequently return to the home if all of the following take place:

(a) A petition alleging abuse of the child by the parent, guardian, custodian, nonparent adult, or other person is authorized under subsection (2).

(b) The court after a hearing finds probable cause to believe the parent, guardian, custodian, nonparent adult, or other person committed the abuse.

(c) The court finds on the record that the presence in the home of the person alleged to have committed the abuse presents a substantial risk of harm to the child's life, physical health, or mental well-being.

(5) If a petition alleges abuse by a person described in subsection (4), regardless of whether the court orders the alleged abuser to leave the child's home under subsection (4), the court shall not leave the child in or return the child to the child's home or place the child with a person not licensed under 1973 PA 116, MCL 722.111 to 722.128, unless the court finds that the conditions of custody at the placement and with the individual with whom the child is placed are adequate to

-5-

safeguard the child from the risk of harm to the child's life, physical health, or mental well-being.

In a second order entered by the trial court following the preliminary hearing, labeled "Order removing alleged abuser from child's home," the court made findings consistent with the findings necessary under MCL 712A.13a(4) and (5) to order respondent out of the family home. Assuming that the court in this order was acting under MCL 712A.13a(4) and (5) to remove respondent from the family home, the evidence before the court plainly could not support this removal for at least two reasons. First, the petition in this case never alleged that respondent abused RK as required by MCL 712A.13a(4)(a). Second, there was no basis for the trial court to find probable cause to believe that respondent abused RK under MCL 712A.13a(4)(b)—Husic explicitly confirmed on cross-examination that she had no reason to believe that respondent abused RK. Accordingly, assuming that the trial court ordered respondent to leave the family home under MCL 712A.13a(4) and (5), the trial court's factual findings in support of that order were clearly erroneous.[1]

## IV. CONCLUSION

While the statutory basis for the trial court's decision to remove RK from respondent's care is not readily apparent, it is apparent that the trial court erred by ordering removal in the manner that it did. If the trial court relied on MCL 712A.13a(9) to order respondent out of the family home, then the court committed an error of law because that statute could not be used for that purpose.[2] If the trial court relied on MCL 712A.13a(4) and (5) to order respondent out of the family home, then the court's factual findings in support of the order were clearly erroneous because there was no allegation (let alone any evidence) that respondent abused RK. Finally, to the extent that the trial court's MCL 712A.13a(9) analysis could otherwise support removing RK from the family home and placing him in foster care, the court's analysis must be vacated because it is apparent based on the record that the court misunderstood its authority under MCL 712A.13a(9) by believing that it could use that subsection to allow RK to remain in the family home and order respondent out of the home.[3]

---

[1] It is also not apparent that the trial court made the necessary finding under MCL 712A.13a(5) to leave RK in the family home while ordering respondent's removal from the home.

[2] In *In re Benavides*, 334 Mich App 162, this Court analyzed whether the requirements of MCL 712A.13a(9) were satisfied in a situation similar to this one. The children in that case were not placed in foster care; instead, the respondent-father left the home. *Id*. at 165-166. This Court nevertheless concluded that there was sufficient evidence to satisfy "the requirements of MCL 712A.13a(9) for removal." *Id*. at 164. See also *id*. at 167-170. Unlike in this case, however, the respondent in *In re Benavides* voluntarily left the family home "to allow the children to remain in the residence . . . ." *Id*. at 172. It is thus apparent that the trial court in *In re Benavides*—unlike the trial court here—was not under the mistaken belief that it could order the respondent out of the family home under MCL 712A.13a(9).

[3] If, on remand, petitioner or the LGAL seeks RK's removal, the court remains free to order RK's removal from the family home and placement into foster care so long as the requirements of MCL 712A.13a(9) are satisfied.

The trial court's orders removing RK from respondent's care and custody are vacated, and the case is remanded for further proceedings. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien